IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **JENNIFER BRADT** § | |
| *Plaintiff*, § | |
| § | |
| VS. § | |
| § | C.A. No. 4:12-cv-3397 |
| **NATIONAL CREDIT AUDIT** § | |
| **CORPORATION** § | |
| *Defendant*. § | |

___

# NOTICE OF REMOVAL
___

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1367, 1441, 1446, and 1332; 12 U.S.C. § 1452; and Local Rule 81, Defendant National Credit Audit Corporation ("NCAC") hereby removes this action from the Small Claims Court of Precinct One, Place Two in Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, and show as follows:

### STATE COURT ACTION

1.  On October 25, 2012, Plaintiff Jennifer Bradt filed suit against NCAC in the Small Claims Court of Precinct One, Place Two in Harris County, Texas in an action styled *Jennifer Bradt v. National Credit Audit Corporation,* Cause No. SC12C0011372 (the "State Court Action").

2.  Plaintiff seeks to recover damages for alleged actions that violated the Fair Debt Collection Practices Act (the "FDCPA") and Texas Debt Collection Act (the "TDCA"). NCAC was attempting to collect a debt owed by Plaintiff to Sorrento at Tuscan Lakes. (Pet. at ¶ 4). During the collection attempts, Plaintiff alleges that NCAC violated the FDCPA and TDCA with

its conduct. (Pet. at ¶¶ 5–7). Specifically, Plaintiff claims that NCAC violated the FDCPA by contacting Plaintiff when she was represented by counsel. (Pet. at ¶ 10). Plaintiff alleges that NCAC violated the TDCA by not having a bond with the Texas Secretary of State. (Pet. at ¶ 13).

3. NCAC denies each and every one of these allegations.

### PROCEDURAL REQUIREMENTS

4. With this Notice of Removal, NCAC removes the State Court Action to this Court on the basis of federal question jurisdiction, as more fully described below.

5. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1441.

6. This removal is timely because it is filed within thirty days of the filing of the State Court Action. *See* 28 U.S.C. § 1446(b); *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007).

7. Pursuant to Southern District of Texas Local Rule 81, and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

    (a) An index of matters being filed is attached hereto as **Exhibit A**.

    (b) The state court docket sheet, all executed process in the case, all pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings, all orders signed by the state judge is attached hereto as **Exhibits B.**[1]

    (c) A list of all counsel of record, including addresses, telephone numbers and parties represented is attached hereto as **Exhibit C**.

8. Simultaneously with the filing of this Notice of Removal, NCAC is filing a copy of the Notice in the Small Claims Court of Precinct One, Place Two in Harris County, Texas,

---

[1] The Justice Court was unable to provide certified copies by the time of removal. Once these are received, NCAC will file supplemental exhibits. At this time, a copy of the petition is attached as **Exhibit B.1**.

pursuant to 28 U.S.C. § 1446(d). NCAC will promptly give all parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

## BASIS FOR REMOVAL

### I. Federal Question Jurisdiction

9. A case may be removed to federal court if it could have been brought in federal court originally. 28 U.S.C. § 1441(a). The district courts of the United States have original jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. *See* 28 U.S.C. § 1331.

10. Here, removal of the State Court Action is proper under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1331 because Plaintiff asserts claims arising under the laws of the United States. A claim "arises under" the laws of the United States when: (1) the well-pleaded complaint establishes that federal law creates the cause of action; or (2) "'a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). This case is removable because the FDCPA provides this Court with original jurisdiction to hear Plaintiff's claims. Specifically, § 1692k of the FDCPA provides that "[a]n action to enforce any liability created by this title may be brought in any appropriate United States district court without regard to the amount in controversy." Because Plaintiff alleged violations of the FDCPA, this Court has original jurisdiction over this matter, and this suit is therefore properly removed to this Court. *See* 15 U.S.C. § 1692k(d).

## II. Supplemental Jurisdiction

11. Insofar as this removal is based upon federal question jurisdiction, this Court also has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). "Section 1367(a) is a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which district courts would have original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 558 (2005); *see also State Nat'l Ins. Co. v. Yates*, 391 F.3d 577, 579 (5th Cir. 2004) (explaining that 28 U.S.C. § 1367 grants the federal courts jurisdiction to hear "claims that do not independently come within the jurisdiction of the district court but form part of the same Article III 'case or controversy'" as claims that independently come within the jurisdiction of the court).

12. This Court has subject matter jurisdiction over Plaintiff's claims arising under FDCPA. Federal courts have supplemental jurisdiction over state law claims that share a "'common nucleus of operative fact'" with federal claims. *Jamal v. Travelers Lloyds of Tex. Ins. Co.*, 97 F. Supp. 2d 800, 805 (S.D. Tex. 2000) (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 164–65 (1977)). This principle applies not only to cases originally brought in federal court, it also applies to those cases removed to federal court. *Id.* at 806.

13. Plaintiff's state law claims share a common nucleus of operative fact with, and form part of the same case or controversy as, Plaintiff's claims that arise under federal law. The claims revolve around the actions and conduct of NCAC in collecting the debt owed by Plaintiff. *See* Petition. On this basis, 28 U.S.C. § 1367(a) grants this Court supplemental jurisdiction over Plaintiff's state law claims. Therefore, it is appropriate for this Court to exercise jurisdiction over all of Plaintiff's claims. *See Jamal*, 97 F. Supp. 2d at 806; *Stephens v. LJ Partners*, 852 F. Supp. 597, 600 (W.D. Tex. 1994) (exercising supplemental jurisdiction over state law claims

where adjudicating the federal claim required the court to address the same issues that were raised by the state law claims).

14. Consequently, this Court has jurisdiction over this lawsuit.

## JURY DEMAND

15. Plaintiff did not demand a jury in the state-court suit.

## CONCLUSION

16. For these reasons, National Credit Audit Corporation asks the Court to remove this suit to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

LOCKE LORD LLP

By: /s/ Robert T. Mowrey
ROBERT T. MOWREY
State Bar No. 14607500
Southern District Number: 9529
LOCKE LORD LLP
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201-6776
(214) 740-8000 – *telephone*
(214) 740-8800 – *facsimile*

**ATTORNEY-IN-CHARGE FOR DEFENDANT NATIONAL CREDIT AUDIT CORP.**

OF COUNSEL:
DERRICK B. CARSON
State Bar No. 24001847
Southern District Number: 21785
JOHN W. RUDINGER, JR.
State Bar No. 24067852
Southern District Number: 1421393
LOCKE LORD LLP
600 Travis Street, Suite 2800
Houston, Texas 77002-3095
(713) 226-1200 – *telephone*
(713) 223-3717 – *facsimile*

- 6 -

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been sent to all parties shown below, via electronic notification, certified mail return receipt requested, facsimile, or hand delivery on this the 19th day of November, 2012:

L.T. "Butch" Bradt
Corwin Teltschik
Betsy L. Grubbs
5151 San Felipe, Suite 1950
Houston, Texas 77056

/s/ Robert T. Mowrey
Robert T. Mowrey